2018 MAY 14  AM 10: 34

| | | |
|---|---|---|
| JAMES DWAYNE HOISAGER | § | |
| | § | |
| V. | § | A-17-CA-902-SS |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division | § | |

## ORDER

Before the Court are Petitioner James Dwayne Hoisager's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 16). Petitioner did not file a response thereto. Hoisager, proceeding pro se, has paid the full filing fee for his application. For the reasons set forth below, Hoisager's application for writ of habeas corpus is granted in part and denied in part.

## STATEMENT OF THE CASE

### A.    Petitioner's Criminal History

According to Respondent, the Director has lawful and valid custody of Hoisager pursuant to a judgment and sentence from the 424th Judicial District Court of Burnet County, Texas, in cause number 39332, styled *The State of Texas v. James Dwayne Hoisager*. In a two-count indictment, Hoisager was charged with aggravated kidnapping (Count I) and aggravated assault with a deadly weapon (Count II). After a jury trial, Hoisager was convicted and sentenced to ten years' incarceration on each count with the sentences running concurrently.

The Third Court of Appeals affirmed the convictions and sentences on July 17, 2015. *Hoisager v. State*, No. 03-13-00328-CR, 2015 WL 4537581 (Tex. App. – Austin 2015, pet. ref'd).

The Texas Court of Criminal Appeals refused Hoisager's petition for discretionary review on January 13, 2016. *Hoisager v. State*, PDR No. 1279-15.

Hoisager filed a motion for DNA testing in the trial court on March 2, 2016. It was denied by the trial court on April 21, 2016. The Third Court of Appeals affirmed the trial court's denial. *Hoisager v. State*, No. 03-16-00343-CR, 2017 WL 3585197 (Tex. App. – Austin 2017, no pet.).

Hoisager also challenged his conviction in a state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court on September 28, 2016. *Ex parte Hoisager*, Appl. No. 85,709-01.

## B.     Factual Background

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

> On the morning of July 8, 2011, Appellant went to Brenda's [his ex-wife's] condominium, with her permission, to attend to some business on behalf of their daughter and to do his laundry. Although their daughter lived in the condominium with Brenda, Brenda and Appellant were alone that morning. Appellant became upset, having recently learned that Brenda was romantically involved with another man. When Brenda asked Appellant to leave he refused, prevented her from calling the police, held a knife to her throat, told her that they were going to go see God that night, and told her that he had paid someone to kill both of them.
>
> Appellant held Brenda in the condominium at knife point for several hours or more. They struggled over Brenda's loaded pistol during this time, with Appellant gaining control and putting it out of Brenda's reach. At some point in the afternoon, Appellant drove Brenda to their church for a counseling session with their pastor, Ross Chandler. Brenda testified that she did not go to the church willingly and that Appellant kept the knife on hand during the drive. Appellant and Brenda met Chandler at their church and spoke about their relationship for approximately two hours before Chandler realized that something was amiss and removed Brenda from the situation. Brenda reported the incident to the police, who arrested Appellant.

*Hoisager v. State*, No. 03-13-00328-CR, 2015 WL 4537581 at, *1 (Tex. App. – Austin 2015, pet. ref'd).

**C.    Petitioner's Grounds for Relief**

In his petition Hoisager raises the following grounds for relief:

1.    Hoisager was convicted in violation of the Double Jeopardy Clause;

2.    The trial court erred by allowing the prosecutor to amend the indictment;

3.    The evidence is insufficient to support his conviction;

4.    The evidence at trial was obtained in violation of the Fourth Amendment;

5.    The trial court erred by admitting unadjudicated offenses; and

6.    Trial counsel was ineffective for:

    a.    Failing to file a motion to suppress;

    b.    failing to communicate a plea offer to Hoisager;

    c.    failing to object to the inclusion of the lesser-included offense of aggravated assault; and

    d.    failing to request an instruction on voluntary release.

**D.    Exhaustion of State Court Remedies**

Respondent does not contest that Hoisager has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows Hoisager properly raised these claims in previous state court proceedings with the exception of his claim that counsel was ineffective for failing to object to the inclusion of the lesser-included offense of aggravated assault. Hoisager did not raise this claim in his state application. Instead, he raised the claim that counsel was ineffective for failing to *request* the inclusion of lesser-included

3

offenses. Hoisager argued, if a lesser-included instruction had been made, the jury may have had

a different opinion concerning his guilt of aggravated kidnapping or aggravated assault. Hoisager

complains the jury's only option on both counts was guilt or acquittal.

## DISCUSSION AND ANALYSIS

### A. The Antiterrorism and Effective Death Penalty Act of 1996

The Supreme Court has summarized the basic principles that have grown out of the Court's

many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington*

*v. Richter*, – U.S. –, 131 S. Ct. 770, 783-85 (2011). The Court noted the starting point for any

federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an
>         unreasonable application of, clearly established Federal law, as
>         determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable
>         determination of the facts in light of the evidence presented in the
>         State court proceeding.

28 U.S.C. § 2254(d). The Court noted "[b]y its terms § 2254(d) bars relitigation of any claim

'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)."

*Harrington*, 131 S. Ct. at 784.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's

order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following

all of the Courts of Appeals' decisions on this question, *Harrington* concluded the deference due a

4

state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted). The Court noted it had previously concluded "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.* And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 785 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing

legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

## B.      Double Jeopardy

In his first ground for relief Hoisager argues his convictions violate the Double Jeopardy Clause. He explains aggravated assault is a lesser-included offense of aggravated kidnapping. Hoisager raised this claim in his state application for habeas corpus relief. The State confessed error and noted the appropriate remedy was to vacate the conviction and sentence for the lesser-included offense. Without explanation the trial court found no violation of Hoisager's Fifth Amendment rights and recommended the denial of the state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the state application without written order on the findings of the trial court without a hearing.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause "protects against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794 (1989)). The

most common question for the court's consideration when there are two convictions out of the same incident is whether the two convictions represent multiple punishments for the same offense. Generally, the applicable test to determine whether there are two offenses or only one is whether each provision of a statutory offense requires proof of an additional fact which the other does not. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Because Hoisager argues his convictions under two separate statutes violate the Double Jeopardy Clause, the Court must apply the test outlined in *Blockburger* and its progeny. "The same-elements test ... inquires whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecutions." *Milner v. Johnson*, 210 F.3d 368, 368 (5th Cir. 2000) (quoting *United States v. Dixon*, 509 U.S. 688, 696 (1993)). In Texas, the *Blockburger* test is the starting point in the analysis of a multiple-punishments double-jeopardy claim. *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008). When resolving whether two crimes are the same for double-jeopardy purposes, Texas courts focus on the elements alleged in the charging instrument. *Id.* (citing *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994)). "Under the cognate-pleadings approach adopted by [the Court of Criminal Appeals], double-jeopardy challenges should be made even to offenses that have differing elements under *Blockburger*, if the same 'facts required' are alleged in the indictment." *Id.* (citing *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007)).

In this case, Hoisager was convicted under two separate chapters of the Texas Penal Code: § 20.04 (aggravated kidnapping) and § 22.02(a)(2) (aggravated assault with a deadly weapon). Hoisager's indictment alleged he intentionally and knowingly abducted his ex-wife by restraining her with the intent to prevent her liberation by using and threatening to use deadly force against her,

restrained his ex-wife by restricting her movements without her consent so as to interfere substantially with her liberty by confining her, and used a deadly weapon. The indictment further alleged Hoisager intentionally and knowingly threatened his ex-wife with imminent bodily injury and used and exhibited a deadly weapon.

Tracking the relevant statutes, the charge of the court instructed a person commits the offense of aggravated kidnapping if a person intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense. *See* TEX. PENAL CODE § 22.04(b). The charge further instructed a person commits the offense of aggravated assault if the person intentionally or knowingly threatens another with imminent bodily injury and uses or exhibits a deadly weapon. *See* TEX. PENAL CODE § 22.02(a)(2).

Respondent concedes she cannot reconcile the Court of Criminal Appeals' holding in Hoisager's case with holdings in cases previously decided by the Texas Court of Criminal Appeals. Respondent explains the double-jeopardy issue in *Girdy v. State*, 213 S.W.3d 315 (Tex. Crim. App. 2006), is nearly identical to the claim raised by Hoisager. In *Girdy*, the Court of Criminal Appeals analyzed whether, in a single course of conduct as charged, aggravated assault with a deadly weapon was a lesser-included offense of aggravated kidnapping for purposes of the Double Jeopardy Clause. The charging language in *Girdy* was nearly identical to the language used in Hoisager's charge. In *Girdy* the Court of Criminal Appeals found a double-jeopardy violation, but in Hoisager's case they did not.

Respondent suggests the Court grant habeas corpus relief with respect to Hoisager's double-jeopardy claim and notes the proper remedy is for the state court to vacate Hoisager's conviction and sentence for the lesser-included offense of aggravated assault. In light of Respondent's concession,

8

habeas corpus relief. Similar to *Girdy*, Hoisager's aggravated assault is a lesser-included offense of aggravated kidnapping because it is "established by proof of the same or less than all the facts required to establish the commission of" the aggravated kidnapping, and there was not clear legislative intent to punish the offenses separately.

## C. Amendment of Indictment

In his next ground for relief, Hoisager asserts the trial court erred by allowing the state to amend the indictment after the start of trial and not granting the defense ten days afterwards to prepare for trial. The indictment originally stated Appellant abducted and restrained Brenda by confining her to her home. *Hoisager*, 2015 WL 4537581 at, *3. The revised indictment stated he abducted and restrained her by confining her, without specifying the location of confinement. *Id.* Hoisager raised this issue in his direct appeal. The state appellate court held the deleted language was surplusage and not legally essential to the offense of aggravated kidnapping. *Id.* The appellate court concluded the trial court did not error by allowing the state to delete the surplusage and did not error in denying Hoisager's request for additional time. *Id.*

Hoisager's claim does not raise an issue of federal constitutional dimension. The amendment of a state indictment is governed by a Texas procedural rule. TEX. CODE CRIM. PROC. art. 28.10(a). Because "[f]ederal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct errors of constitutional dimensions," the failure of a state court to comply with a state procedural rule presents a question of state law only. *Smith v. Phillips*, 455 U.S. 209, 221 (1982). For that reason, this Court ordinarily will not review questions of state criminal procedure. *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983). A question of constitutional dimension arises only where a violation of state procedure amounts to a violation of due process that

9

renders the trial as a whole fundamentally unfair. *Sawyer v. Butler*, 848 F.2d 582, 594-95 (5th Cir. 1988). Hoisager shows no such due process violation here.

**D.    Sufficiency of the Evidence**

In his next ground for relief Hoisager argues the evidence was insufficient to sustain his conviction. As explained by Respondent, this claim is procedurally barred.

Hoisager presented this claim in his state application for habeas corpus relief but not on direct appeal. The Court of Criminal Appeals has long held the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. *West v. Johnson*, 92 F.3d 1385, 1389 n. 18 (5th Cir.1996), *cert. denied*, 520 U.S. 1242 (1997); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Indeed, the Court of Criminal Appeals reaffirmed its holding that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Thus, this procedural default in the state courts procedurally bars this Court from addressing the merits of Hoisager's sufficiency of the evidence claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-07 (1991).

**E.    Fourth Amendment Violation**

Hoisager next argues the trial court erred by admitting evidence in violation of the Fourth Amendment. Hoisager complains police officers went to his apartment without his consent and seized four undated letters that were used as evidence to show bad character and an intent to commit the instant offense. Hoisager argues police manipulated or abused their authority to convince Hoisager's daughter to allow the officers into his home while he was being treated at a hospital.

10

As explained by Respondent, a federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95 (1976); *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). A petitioner must plead and prove the state court proceeding was inadequate in order to obtain post-conviction relief in federal court. *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986). Hoisager had the opportunity to file a motion to suppress in the trial court but failed to do so. Petitioner also raised his Fourth Amendment challenge in his state habeas application. The Texas Court of Criminal Appeals denied the application without written order.

It is apparent Petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment issues in state court. Petitioner is therefore barred from seeking federal habeas relief on these grounds. *See Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978) ("An 'opportunity for full and fair litigation' means just that: an opportunity. If a state provides the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes"). Accordingly, Hoisager is not entitled to federal habeas corpus relief on this claim.

**F.    Trial Court Erred**

In his next ground for relief Hoisager argues the trial court erred in admitting evidence of extraneous bad acts. He states the trial court allowed the introduction of evidence that was neither relevant or probative. When raised in his state application for habeas corpus relief, the state court found this issue should have been raised at trial or by direct appeal. ECF #11-34 at 98.

Although Hoisager raised this claim in his state application for habeas corpus relief, he did not raise the claim on direct appeal. The state court clearly relied upon firmly established and

11

regularly followed state procedural rules to deny the claim. *See Busby v. Dretke*, 359 F.3d 708, 719

(5th Cir. 2004) (recognizing the rule established in *Ex parte Gardner*, 959 S.W.2d 189 (Tex. Crim.

App. 1998), wherein the Texas Court of Criminal Appeals held record-based claims not raised on

direct appeal are forfeited from state habeas review, is "firmly established" and "an adequate state

ground capable of barring federal habeas review").

To overcome these procedural bars, a habeas petitioner must demonstrate: (1) cause for the

procedural default and actual prejudice as a result of the alleged violation of federal law; or (2)

failure to consider the claim will result in a "fundamental miscarriage of justice"—i.e., that he is

actually innocent of the offenses for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722,

749-50 (1991). Hoisager makes no such showing. Thus, his claim is procedurally barred from this

Court's review.

## G.     Ineffective Assistance of Trial Counsel

In his final ground for relief Hoisager argues he received ineffective assistance of trial

counsel. Hoisager alleges counsel was ineffective for (1) failing to file a motion to suppress, (2)

failing to communicate a plea offer, (3) failing to object to the inclusion of the lesser-included

offense of aggravated assault, and (4) failing to request an instruction on voluntary release.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth

in *Strickland v. Washington*, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This
> requires showing that counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
> Second, the defendant must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make

both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 686-689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. *Id.* at 695-97. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687.

1.    Motion to Suppress

Hoisager contends counsel should have filed a motion to suppress letters found at his home. Although the letters were offered into evidence, the trial court sustained counsel's objections and the letters were not admitted. Because the letters were not admitted into evidence, he cannot show prejudice.

2. Plea Offer

Hoisager alleges his attorney failed to convey a last-minute plea offer. On state habeas review counsel provided her affidavit to the trial court. ECF #11-34 at 93-94. Counsel stated Hoisager was given each plea offer as it was delivered from the state with the freedom to accept or reject the offer. *Id.* at 94. Attached to her affidavit is an email string between her and Hoisager. *Id.* at 96-97. In an email from Hoisager to counsel dated February 19, 2013, Hoisager references a ten-year probation offer and informs counsel he does not wish to accept the offer because of the impact it might have on another case against him out of Midland County. *Id.* at 96. In a February 22, 2013 email from counsel to Hoisager counsel references an earlier 20-year offer in the Texas Department of Criminal Justice and the then current offer of ten years deferred adjudication. *Id.* at 97. Hoisager admits counsel kept him "reasonably informed" of all plea deals but asserts the reason he did not "move on any offer made by the prosecution was because at the time of the case in chief he was trying to ensure that by accepting any plea offer it would not effect the probation that he was serving." ECF #1-1 at 18. Hoisager claims counsel knew this and after the probation issue was resolved she never informed him of any further plea offers made by the prosecution until his trial began and all plea offers were withdrawn. *Id.*

"It is well established that a criminal defendant's right to effective assistance of counsel under the Sixth Amendment extends not just to trial or sentencing but to 'the negotiation of a plea bargain,' as it 'is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Scribner*, 832 F.3d 252, 257–58 (5th Cir. 2016) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). Accordingly, the *Strickland* test applies to Hoisager's claim that his counsel was ineffective in failing to communicate last-minute plea

offers. *See Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."). To establish prejudice resulted from counsel's failure to communicate an offer a habeas petitioner must demonstrate a reasonable probability that, but for counsel's ineffective advice, a plea would actually have been presented to the court; the court would have accepted the terms of the plea; and "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

Hoisager does not specify what plea offer was not communicated to him. The state court record reveals Hoisager was aware of a 20-year prison offer and a 10-year deferred adjudication offer and he rejected both. There is no evidence of any further plea offers. On state habeas review the trial court held Hoisager's claim was unfounded. ECF #11-34 at 98.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

### 3.     Failure to Object to Double-Jeopardy Violation

Hoisager asserts counsel failed to object to the jury instruction on the lesser-included offense of aggravated assault. Hoisager contends, had counsel objected, the court would have discovered the double-jeopardy violation.

Hoisager's claim is procedurally barred. He did not raise this claim in his state application for habeas corpus relief. A subsequent state application for habeas corpus on Petitioner's unexhausted issue would be futile as it would be dismissed pursuant to TEX. CODE CRIM. PROC.

ANN. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. *Harris v. Reed*, 489 U.S. 255, 262 (1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find the claim to be procedurally barred. *Coleman*, 501 U.S. at 735. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *Id.* at n.1. However, a petitioner can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would result in a miscarriage of justice. *Moore v. Roberts*, 83 F.3d 699, 702 (5th Cir. 1996) (citing *Coleman*, 501 U.S. at 750).

Hoisager has failed to show cause and actual prejudice for his procedural default. Hoisager also has made no showing that a failure to address the merits of the federal claim would result in a miscarriage of justice. Because the Court grants habeas corpus relief on Hoisager's double-jeopardy claim, there is no miscarriage of justice. Therefore, Hosiager is barred from raising his unexhausted claim.

4.    Failure to Request Voluntary Release Instruction

In his final ground for relief Hoisager argues counsel was ineffective for failing to request

a jury instruction on voluntary release. The Texas Code of Criminal Procedure provides aggravated

kidnapping is a first-degree felony, unless, at the punishment stage of the trial the defendant proves

by a preponderance of the evidence the victim was voluntarily released in a safe place, whereupon

it is a second-degree felony. TEX. PENAL CODE § 20.04(c)-(d) (West 2012). The punishment range

for a first-degree felony is from five to ninety-nine years' incarceration, or life incarceration. TEX.

PENAL CODE § 12.32 (West 2012). The punishment range for second-degree felony is from two to

twenty years. TEX. PENAL CODE § 12.33 (West 2012)

On state habeas review counsel responded, "the instruction did not fit the evidence that was

presented." ECF #11-34 at 94. Counsel recalled Hoisager's ex-wife testified she escaped from

Hoisager by calling a friend and setting up a ruse with the help of the pastor so that she could escape

out of the church side doors. *Id.* Counsel concluded an escape by a victim does not fit within the

affirmative defense for voluntary release. *Id.* The trial court found Hoisager's claim unfounded.

ECF #11-34 at 98.

Counsel was not deficient in failing to request a release instruction. *See Johnson v. Cockrell*,

306 F.3d 249, 255 (5th Cir. 2002) (concluding counsel is not required to make futile motions or

frivolous objections); *Green v. Johnson*, 160 F.3d 1029, 1037, 1042 (5th Cir. 1998) ("[m]ere

conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to

raise a constitutional issue" and "counsel is not required to file frivolous motions or make frivolous

objections"). As noted by trial counsel, the evidence in Hoisager's case did not support an

instruction on voluntary release. Having independently reviewed the entire state court record, this

Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence with respect to Hoisager's final ground for relief.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the Court's rulings on Hoisager's section 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to

deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability is denied.

It is therefore **ORDERED** that Petitioner Hoisager's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Petitioner's conviction and sentence for aggravated assault be vacated unless the State provides Petitioner with a new trial within 60 days of final judgment in this case.

It is further **ORDERED** that Respondent shall file an advisory within 60 days of the final judgment in this case and inform the Court whether Petitioner's conviction and sentence for aggravated assault was vacated or whether Petitioner was provided a new trial.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this ___14th___ day of May 2018.

SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE